STATE on the relation of W. P. M. WELLS *v.* F. SLUDER and .M
M. WEAVER, adm'rs, and others.

An administrator who received on the 11th day of May, 1863, Confed-
erate money for a debt due the estate of his intestate, is chargeable
only, in the absence of fraud or bad faith, with the value of such
money. in present currency, at the date he received it. Otherwise if
the money was received so late in the war as to amount to a notice,
that the persons entitled to it would not receive it.

(*Shipp* v. *Hettrick*, 63 N. C. Rep. 329; *Cummings* v. *Mebane*, Ibid, 315;
*Emmreson* v. *Mallett*, Phil. Eq. 234, cited and approved.)

CIVIL ACTION, heretofore before this Court, and reported in
70 N. C. Rep., 55, and sent back to the Superior Court of
BUNCOMBE to have the judgment then appealed from modified,
again heard before *Henry, J.*, at the Fall Term, 1874, of said
Court.

The following statement, signed by the counsel, is sent to
this term, as presenting the points for adjudication, or for the
proper construction to be given to the decision heretofore ren-
dered, to-wit, at January Term, 1874.

At Fall Term, 1874, of Buncombe Superior Court, a judg-
ment for $1,185.64, was obtained by agreement, in favor of
the plaintiff against the defendant, subject to the opinion of
the Court as to the legal effect of two credits claimed by the
defendants, and which are fully set forth in the case agreed at
that time, and which are reported in 70 N. C. Rep., 55. His
Honor did not allow either of the credits claimed, and judg-
ment was entered for the full amount, $1185.64. From this
judgment the defendants appealed.

At the January Term, 1874, of this Court, this judgment,
as before stated, was ordered to be modified, according to the
opinion of the Chief Justice filed in the case. On the last
trial in the Court below, the following facts, relating to the
second of the credits alleged and claimed by defendant's
answer, were agreed:

On the 11th May, 1863, the defendant, F. Sluder, one of the administrators of R. P. Wells, deceased, met with one R. W. Patty, who owed his intestate, as guardian, a note executed, for a part of his ward's funds, prior to the war. Patty informed him, Sluder, that he wanted his note and proposed to pay it in Confederate money, which Sluder declined to receive. Patty insisted that Confederate money was a legal tender, and raising his hand, said " I intend to have my note." Sluder, believing that the law required him to do so, (having heard that Judge SAUNDERS had recently charged the jury that it was an indictable offence to refuse Confederate money,) received the money from Patty, and mixed it with other funds belonging to his intestate, receiving full credit for the same in his settlement with the Probate Judge. The plaintiff has never received of any said note.

If, upon the foregoing state of facts, the Court should be of opinion, that the defendants ought not to be held responsible to the plaintiff for the amount of the Patty note, thus paid, and used by defendant, Sluder, then the judgment at first obtained, as hereinbefore more fully set out, is to be credited with the amount of said note, to wit, $155, in currency, at date of receipt, &c.

His Honor held, that the defendants were only chargeable with the value of the Confederate money received from Patty at the date of its receipt, instead of the full, (face,) amount of the note, and gave judgment accordingly.

From this judgment, plaintiffs appealed.

*T. D. Johnson*, for appellant.
*A. T. & T. F. Davidson*, contra.

SETTLE, J. This is a case agreed, for the purpose of obtaining a proper construction of the opinion of this Court, rendered at January Term, 1874, in a case between the same parties, and reported in 70 N. C. Rep. 55.

The only question before us now is whether the defendants

are to be charged with the value of the Confederate money received on the Patty debt, at the date of its receipt, or with the full amount of the Patty note?

When the case was first before us this question was not discussed, indeed it was not even suggested on the argument, and in rendering the opinion the Court was looking only to the general liability of the defendants, without adverting to the measure or extent of their liability. While the defendant, Sluder, in yielding to the pressure brought to bear upon him, incurred a certain degree of responsibility, still we cannot say that he acted in bad faith or has been guilty of fraud.

And in the absence of fraud or bad faith this Court has by a long train of decisions, commencing with those cited by the defendants counsel, *Shipp* v. *Hettrick*, 63 N. C. Rep. 329, and *Cummings* v. *Mebane*, 63 N. C. Rep. 315, established the position too firmly to be now shaken, that persons acting in a fiduciary character, and receiving Confederate money are to be charged only with its value at the date of the receipt, unless it was received so late in the war as to amount to notice that the *cestui que trust* would not receive it. Here the money was received on the 11th of May, 1863, and this Court after declaring that no inflexible rule can be laid down by which the liability of persons receiving Confederate money can be tested, but that each case must depend upon the circumstances attending it, says "probably it may aid investigation to say that as a general rule, an officer might have received Confederate notes up to 1863, and ought not to have received them after 1863 upon anti-war debts, and that 1863 is debatable ground. *Emmerson* v. *Mallett*, Phil. Eq. 234.

In this case whether we consider the time of receiving the money, or the circumstances attending it, we concur with his Honor in the Superior Court that the defendant should be held responsible only for the value of the Confederate money he received from Patty.

Judgment affirmed. Let this be certified, &c.

PER CURIAM. Judgment affirmed.